AUGUST STUMPP and EDWIN E. STUMPP, Copartners Doing Business under the Firm Name and Style of AUGUST STUMPP & COMPANY, Plaintiffs, *v.* THE FARMERS' LOAN AND TRUST COMPANY, Defendant.

(Supreme Court, New York Special Term, October, 1919.)

Banks — liability of, for payment of a forged check — negotiable instruments — damages — forgery — evidence.

Plaintiffs' confidential clerk, who had forged a series of checks on the bank where plaintiffs had a general account, drew a check on the defendant, a trust company, where plaintiffs also had an account, to the order of said bank which he deposited therein to the credit of plaintiffs' account, and said check was paid by the trust company. *Held,* that as by the exercise of ordinary care defendant could have discovered that the name of plaintiffs' firm on the check was a clumsy forgery, defendant could not avoid liability for having paid the check upon the plea that the deposit of the proceeds thereof constituted a payment of the amount to plaintiffs, hence they had sustained no damage.

While defendant's payment of the forged check enabled the confidential clerk not only to cover up the defalcations up to the time he drew the check in question for an indefinite period, it also enabled him to increase his ill-gotten gains in excess of the amount of said check. *Held,* that it not appearing that plaintiffs had ratified the collection of the check by the bank they were entitled to judgment for the full amount claimed.

The bank rendered monthly statements to plaintiffs which were regularly examined but the reason why plaintiffs were misled into accepting the accounts as correct was that they were usually gone over in the presence of the forger, who so manipulated the examinations as to throw plaintiffs off their guard in discovering his criminalities. *Held,* that upon the proof plaintiffs were not chargeable with failure to exercise ordinary care in checking up the monthly bank statements.

ACTION to recover money paid on a forged check.

Duer, Strong & Whitehead (Selden Bacon, of counsel), for plaintiffs.

Geller, Rolston & Horan (Edward H. Blanc, George S. Mittendorf and Charles Angulo, of counsel), for defendant.

GREENBAUM, J. The evidence establishes that during the year 1917 plaintiffs had a general deposit account with the defendant, and also a similar account with the Bank of New York; that during the months of May and June, 1916, one Herbert Pratt, a confidential bookkeeper in the employ of the plaintiffs, forged a series of checks on the Bank of New York, aggregating, up to July 1, 1916, the sum of $5,400; that on July 2, 1917, Pratt forged a check drawn upon the defendant to the order of the Bank of New York in the sum of $5,000; that this check was deposited in the Bank of New York by the forger to the credit of the plaintiffs' account and paid by the defendant; that subsequently Pratt forged another series of checks drawn upon the Bank of New York, the first of which was dated July 9, 1917, and the last August 31, 1917, aggregating in all $5,353.44, and that the forgeries were discovered by the plaintiffs on or about September 4, 1917. Defendant seeks to avoid liability for paying the amount of the forged check drawn upon it, upon the ground that the proceeds of the check were deposited with the Bank of New York to the credit of the plaintiffs, constituting a payment of that sum to the plaintiffs, and hence that they sustained no damages. Defendant also contends that the plaintiffs ratified the act of the Bank of New York in collecting the $5,000, and further, that the plaintiffs were negligent in failing to observe the ordinary safeguards in auditing and checking up the statements of their accounts

rendered monthly to them by the Bank of New York. It seems to me that these defenses are not well founded. The name of the plaintiffs' firm on the forged check was a clumsy forgery, which could readily have been discovered by the defendant if it had exercised ordinary care. A deposit made under the circumstances above detailed may not be deemed to be a payment to the plaintiffs. Defendant's payment of the forged check enabled Pratt not only to cover up his defalcations up to July, 1917, for an indefinite period, but enabled him thereafter to increase his ill-gotten gains by a sum in excess of the $5,000 check deposited in the Bank of New York. The plaintiffs thus derived no benefit whatever from this deposit and their damage to the amount of the $5,000 forged check is conclusively shown. Nor can it be successfully urged that the facts establish a ratification of payment. As was stated in *Weisser* v. *Denison,* 10 N. Y. 82: " there can, ordinarily, be no ratification of that of which a party is ignorant. Ratification implies at least a knowledge that there is or may be something to ratify." See, also, *Critten* v. *Chemical Nat. Bank,* 171 N. Y. 219, 228. With respect to the point that the plaintiffs failed to exercise ordinary care in checking up the monthly statements delivered to them by the Bank of New York, it suffices to say that aside from the doubtful legal proposition that the plaintiffs owed the defendant the duty of examining these statements, the proofs indicate that the plaintiffs were not guilty of any negligence in that respect. The evidence is that the plaintiffs regularly examined the monthly statements rendered to them by the Bank of New York and shows that the reason why plaintiffs were deceived into thinking that the accounts were correct was that the accounts were usually gone over in the presence of the bookkeeper, Pratt, who committed the for-

geries and who so manipulated the examinations as to throw the plaintiffs off their guard in discovering his criminalities. In their salient features the facts are quite similar to those appearing in the case of *Frank* v. *Chemical Nat. Bank*, 84 N. Y. 209. There must be judgment for the plaintiffs for the full amount claimed.

Judgment for plaintiffs.